UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL D. JOSEPH;<br>MARLENE S. JOSEPH,<br>Plaintiffs,<br>vs.<br>AMERICAN AIRLINES, INC.,<br>Defendant. | Case No.: 25cv2887-LL-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLANTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND INJUNCTIVE RELIEF [ECF No. 5];**<br><br>**ORDER DENYING AS MOOT PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF No. 6];**<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ORAL ARGUMENT [ECF No. 12]** |

Pending before the Court is Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiffs Joel D. Joseph and Marlene S. Joseph's claims for punitive damages and injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Plaintiffs filed an opposition on December 20, 2025. ECF No. 8. Defendant filed a reply on December 31, 2025. ECF No. 9.

Plaintiffs request that the Court set this case for oral argument on the pending

motions. ECF No. 12. However, upon the Court's review of the briefing and supporting documents, the Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Accordingly, Plaintiffs' Motion for Oral Argument is **DENIED**. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss. In light of the Court's ruling on the Motion to Dismiss, the Court **DENIES AS MOOT** Plaintiffs' Motion for Preliminary Injunction.

## I. BACKGROUND

On October 27, 2025, Plaintiffs Joel D. Joseph and Marlene S. Joseph, proceeding pro se, filed this action against Defendant American Airlines, Inc. in the United States District Court for the Southern District of California. ECF No. 1 ("Compl.").

This action arises out of Plaintiffs' air travel from San Diego, California to Nice, France, with a scheduled connection in Philadelphia, Pennsylvania. According to the Complaint, Plaintiffs departed San Diego on September 23, 2025, on an American Airlines flight bound for Philadelphia. Plaintiffs allege that the flight was delayed by more than five hours due to Defendant's failure to provide a replacement tire, which caused them to miss their connecting flight to Nice, France. *Id.* ¶¶ 17–19.

Plaintiffs further allege that they were required to remain overnight in Philadelphia and that Defendant failed to return their checked luggage upon request. *Id.* ¶¶ 20–23. Plaintiffs allege that they subsequently traveled to Nice, France on September 25, 2025, and that upon arrival, their luggage was delivered in a wet and damaged condition after having been left exposed to rain. *Id.* ¶¶ 24–28.

Plaintiffs also allege that on their return trip on October 3, 2025, Defendant failed to provide assistance during boarding at the airport in Nice, France. *Id.* ¶¶ 31–33. Plaintiffs allege that they are elderly, and had to carry their luggage up a staircase to board the aircraft. *Id.* ¶¶ 30–32, 52–58. Plaintiffs state that "[t]hey are fortunate that neither suffered back injury or a heart attack while carrying heavy luggage up 30 stairs." *Id.* ¶ 33.

Based on these allegations, Plaintiffs assert claims for breach of contract, gross

negligence, breach of contract of bailment, violation of the California Consumer Legal Remedies Act, and elder abuse. *Id.* ¶¶ 34–36, 37–42, 43–48, 49–51. They seek compensatory damages, punitive damages, and injunctive relief. *Id.* at 9.

On December 4, 2025, Defendant filed the instant Motion to Dismiss Plaintiffs' claims for punitive damages and injunctive relief. ECF No. 5. Plaintiffs filed an opposition on December 20, 2025, and Defendant filed a reply on December 31, 2025. ECF Nos. 8, 9.

Also pending before the Court is Plaintiffs' Motion for Preliminary Injunction, filed on December 10, 2025, seeking to require Defendant to modify its baggage handling and passenger assistance practices. ECF No. 6. Defendant opposed that motion on December 24, 2025, and Plaintiffs filed a reply on January 5, 2026. ECF Nos. 7, 10.

The Court will address each Motion in turn as set forth below.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

### A. The Montreal Convention

Defendant argues that the Montreal Convention governs this action because Plaintiffs' claims arise from an international itinerary from San Diego, California to Nice, France, with a connection in Philadelphia, Pennsylvania. The Court agrees.

"The [Montreal] Convention, which governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (quoting Montreal Convention art. 1(1)). Likewise, the Supreme Court has held that, where the Montreal Convention applies, recovery outside the treaty is unavailable: "recovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking,' if not allowed under the [Montreal Convention], is not available at all." *El Al Isr. Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161, 176 (1999). The Court in *El Al* cautioned against an interpretation of the Convention that would "encourage artful pleading by plaintiffs seeking to opt out of the Convention's liability scheme when local law promised recovery in excess of that prescribed by the treaty." *Id*. at 171.

Plaintiffs' own pleading places this case within the substantive framework of the Montreal Convention. The Complaint alleges that Plaintiffs booked travel from San Diego to Nice, France, and missed their connection in Philadelphia after a delay on the first leg. Compl. ¶¶ 13, 19, 28, 31–32. Plaintiffs then continued to Nice the next day from Philadelphia, and later returned from Nice to Philadelphia and finally to San Diego. *Id*. On the face of the Complaint, this case arises from an international trip, not a standalone domestic flight.

Nor does the fact that the alleged disruption occurred on the San Diego-to-Philadelphia segment remove the case from the Montreal Convention. As the court explained in *Cattaneo*, "[a] domestic leg of an international trip may fall within and be covered by the Montreal Convention." *Cattaneo v. Am. Airlines, Inc.*, 2015 WL 5610017 at *2 (N.D. Cal. Sept. 24, 2015). The dispositive question is the parties' intent to enter into an agreement for international carriage. *Id*. In the Ninth Circuit, that inquiry turns on objective evidence: courts must "focus on the objective manifestations of the parties' intent expressed by the tickets," and where the contract is unambiguous, the court "need not and should not look beyond" it. *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 987 fn. 9, 991 (9th Cir. 2004).

Here, the objective allegations in the Complaint show a single international journey from California to France with an intermediate stop in Pennsylvania. Compl. ¶¶ 12-14. Plaintiffs' theory that the delay "broke" the international character of the trip is not supported by the Montreal Convention's text or any controlling case law. To the contrary, the Montreal Convention Article 1(3) provides that carriage by successive segments is treated as "one undivided carriage" if it is "regarded by the parties as a single operation," and "it does not lose its international character merely because" one segment is performed entirely within a single country. Montreal Convention Art. 1(3). As the Ninth Circuit has explained, courts instruct that the relevant focus is the contract of transportation and the objective facts of ticketing, not a passenger's post-disruption characterization of the trip. *Coyle*, 363 F.3d 979, 987 (9th Cir. 2004) (there can "only be one destination" and "intermediate stops on trips are to be construed as agreed stopping places that do not disturb that final destination.").

Plaintiffs have not alleged any facts from which an inference could be drawn that the domestic flight was not part of their longer international trip. *See, e.g., Zhang* v. Air *China Ltd*., 866 F. Supp. 2d 1162, 1168 (N.D. Cal. 2012) (Montreal Convention did not apply where domestic and international flights purchased separately by different individuals using different credit cards); *Kruger v. United Air Lines, Inc*., No. C 06-04907

MHP, 2007 WL 323443, at *4 (N.D. Cal. Nov. 1, 2007). (Montreal Convention did not apply where domestic and international flights purchased separately from different carriers using different websites and separated by a day and a half layover). Accordingly, the Court concludes that the Montreal Convention applies to this action.

**B. Plaintiffs' Request for Punitive Damages**

Because the Montreal Convention applies, Plaintiffs' request for punitive damages fails as a matter of law. The text of Article 29 of the Montreal Convention states explicitly as follows:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Montreal Convention Art. 29.

Accordingly, once the Montreal Convention applies, a plaintiff may not recover punitive, exemplary, or other non-compensatory damages, regardless of whether the claim is pleaded in contract, tort, bailment, or otherwise. *See Tseng*, 525 U.S. at 176; *Narayanan*, 747 F.3d at 1127. Plaintiffs therefore may not avoid Article 29 by relabeling their theories as negligence, bailment, elder abuse, or some other state-law cause of action. For this reason alone, Plaintiffs' request for punitive damages must be dismissed.

**C. Plaintiffs' Request for Injunctive Relief**

Plaintiffs' request for injunctive relief likewise fails. The Complaint seeks injunctions requiring American Airlines to change its baggage-handling and passenger-assistance practices. Compl. at 9. However, Article 29 of the Montreal Convention limits "any action for damages, however founded" to the Montreal Convention's conditions and liability limits, and the Montreal Convention creates a uniform remedial scheme for monetary compensation arising out of international carriage. *See Narayanan*, 747 F.3d at

1127; *Tseng*, 525 U.S. at 176. Allowing Plaintiffs to obtain broad operational injunctions based on the same international-travel events would undermine the Montreal Convention's uniformity.

Even apart from the Montreal Convention, Plaintiffs have not alleged a sufficient basis for prospective equitable relief. To seek forward-looking injunctive relief, a plaintiff must show a real and immediate threat of future injury, not merely a past wrong. The Supreme Court has held that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief," absent "any continuing, present adverse effects," and the threatened injury must be "real and immediate," not "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). And where the alleged harm is economic, the Ninth Circuit has made clear that "[m]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Goldie's Bookstore, Inc. v. Superior Ct.*, 739 F.2d 466, 471 (9th Cir. 1984).

Here, the allegations in the Complaint arise from a completed international trip in September and October 2025. Compl. ¶¶ 13–32. Plaintiffs' allegations concern past delay, past baggage handling, and past boarding conditions. Those allegations may support, if at all, a claim for damages, but they do not plausibly establish a real and immediate threat that Plaintiffs themselves will again be subjected to the same alleged conduct in a manner sufficient to justify injunctive relief. *See Lyons*, 461 U.S. at 102. Nor do they show irreparable harm where monetary relief remains available under the Montreal Convention for covered losses. *See, e.g., Goldie's Bookstore*, 739 F.2d at 471.

Accordingly, Plaintiffs' request for injunctive relief must also be dismissed.

**D. Plaintiffs' Motion for Preliminary Injunction**

With no valid claims remaining to support the Plaintiffs' request for injunctive relief, Plaintiffs' Motion for Preliminary Injunction is **DENIED AS MOOT**.

**E. Leave to Amend**

Given the nature of the deficiencies identified above, the Court is skeptical that

Plaintiffs could amend their Complaint to correct them. Nevertheless, at this early stage, the Court cannot say that amendment necessarily would be futile. Out of an abundance of caution, the Court will grant Plaintiffs one opportunity to amend their Complaint. Plaintiffs may therefore file an amended complaint by **August 21, 2026**, addressing the deficiencies identified herein. Plaintiffs are cautioned that they must plead their best case and must clearly explain Defendant's alleged liability under the Montreal Convention. If they cannot do so, the case will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' claims for punitive damages and injunctive relief. ECF No. 5. The Court also **DENIES AS MOOT** Plaintiffs' Motion for Preliminary Injunction. ECF No. 6. Plaintiffs' deadline to amend their Complaint is on or before **August 21, 2026**.

**IT IS SO ORDERED**.

Dated: July 20, 2026

Honorable Linda Lopez
United States District Judge